/10

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 YOUSEF KOSHO,
D-2 OMAR MADISON,

        Defendants

Case: 3:21-cr-20635
Judge: Cleland, Robert H.
MJ: Altman, Kimberly G.
Filed: 10-12-2021 At 11:39 AM
INDI USA V. KOSHO ET AL (DA)

VIOLATIONS:
21 U.S.C. §§841(a)(1) and 846
21 U.S.C. § 856(a)(1)
18 U.S.C. § 1957
18 U.S.C. § 2

_____/

## INDICTMENT

**THE GRAND JURY CHARGES:**

## GENERAL ALLEGATIONS

1.     From at least in or about June 2019 and continuing up to and

including July 2021, defendant YOUSEF KOSHO, an unlicensed pharmacist,

using and operating Great Health Pharmacy, located at 28147 John R Road,

Madison Heights, MI 48071, engaged in a scheme and pattern of illegal conduct

involving the unlawful distribution of prescription drug controlled substances.

Specifically, KOSHO distributed prescription drugs from the pharmacy illegally,

outside the course of usual professional pharmacy practice and for no legitimate

medical purpose.

2.      KOSHO, OMAR MADISON and others, both known and unknown to the grand jury, joined and participated in this activity at different times, played different roles, and engaged in different aspects of the overall scheme.

3.      At all times relevant to this Indictment, KOSHO was an unlicensed pharmacist.   In June 2018, KOSHO's pharmacist license was revoked by the State of Michigan's Department of Licensing and Regulatory Affairs - Bureau of Professional Licensing.   Despite not having proper medical licensing or credentials, KOSHO unlawfully operated Great Health Pharmacy, ordering and dispensing both controlled substances and non-controlled substance medications.

4.      A fundamental purpose of Great Health Pharmacy was to dispense prescription drug controlled substances illegally, not for the legitimate treatment of patients, but rather to dispense controlled substances that could be sold at a substantial profit on the illegal street market.   In exchange for highly inflated cash payments, KOSHO would dispense pharmacy stock bottles of commonly diverted opioids, including Schedule II controlled substances Oxycodone, Oxymorphone, Oxycodone-Acetaminophen, Hydrocodone-Acetaminophen, and Schedule V controlled substance Promethazine with Codeine cough syrup.   KOSHO sold the pharmacy stock bottles to OMAR MADISON, and others, either without corresponding prescriptions or with forged, fraudulent, or illegally issued prescriptions.

2

These general allegations are adopted and incorporated in each count of this Indictment.

## COUNT ONE
*(21 U.S.C. §§ 841(a)(1), 846 - Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)*

D-1 YOUSEF KOSHO
D-2 OMAR MADISON

5.      Beginning in or about June 2019, and continuing until in or about July 2021, in the Eastern District of Michigan, Southern Division, and elsewhere, defendants YOUSEF KOSHO and OMAR MADISON, and others, both known and unknown to members of the grand jury, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and other persons not named in this Indictment, to commit offenses against the United States, that is, to knowingly, intentionally and unlawfully possess with intent to distribute and to distribute controlled substances, including but not limited to the Schedule II controlled substances Oxycodone, Oxymorphone, Oxycodone-Acetaminophen, Hydrocodone-Acetaminophen; and Schedule V controlled substance Promethazine with Codeine cough syrup.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

**COUNTS TWO – FIVE**
*(21 U.S.C. § 841(a)(1) - Unlawful Distribution of Controlled Substances*
*18 U.S.C. § 2 Aiding and Abetting)*

D-1 YOUSEF KOSHO
D-2 OMAR MADISON

6.      On or about June 30, 2021, in the Eastern District of Michigan,

Southern Division, defendants YOUSEF KOSHO and OMAR MADISON did

knowingly, intentionally, and unlawfully distribute and aid and abet each other in

distributing the identified controlled substances by dispensing pharmacy stock

bottles without any patient information affixed to it and dispensed without a valid

prescription, said dispensing being outside the scope of usual professional

pharmacy practice and for no legitimate medical purpose, as follows:

| COUNT | CONTROLLED SUBSTANCE | QUANTITY |
|:---:|:---:|:---:|
| 2 | Oxymorphone 40mg | 60 dosage units |
| 3 | Oxymorphone 40mg | 60 dosage units |
| 4 | Oxycodone 30mg | 100 dosage units |
| 5 | Promethazine with Codeine | 473 ml bottle |

All in violation of Title 21, United States Code, Section 841(a)(1).

4

**COUNTS SIX – TEN**
*(21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute)*

D-1 YOUSEF KOSHO

7.     On or about the dates identified below, YOUSEF KOSHO, did

knowingly, intentionally and unlawfully possess with intent to illegally distribute

the following controlled substances, by ordering and receiving them from drug

wholesalers, on or about the following dates:

| COUNT | DATE | CONTROLLED SUBSTANCE | QUANTITY |
|:---:|:---:|:---:|:---:|
| 6 | 06/07/2021 | Oxymorphone 40mg | 300 dosage units |
| 7 | 06/08/2021 | Oxymorphone 40mg | 480 dosage units |
| 8 | 06/07/2021 | Oxycodone 30mg | 1,000 dosage units |
| 9 | 06/08/2021 | Oxycodone 30mg | 1,000 dosage units |
| 10 | 07/01/2021 | Promethazine with Codeine | 12 - 473 ml bottles |

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT ELEVEN**
*(21 U.S.C. § 856(a)(1) – Maintaining Drug Involved Premises*
*18 U.S.C. § 2 Aiding and Abetting)*

D-1 YOUSEF KOSHO

8.     From at least in or about June 2019 and continuing through in or

about July 2021, in the Eastern District of Michigan, unlicensed pharmacist

YOUSEF KOSHO did unlawfully and knowingly open, lease, rent, use, and

5

maintain a place located at 28147 John R Road, Madison Heights, MI 48071

(Great Health Pharmacy) for the purpose of distributing controlled substances in

violation of Title 21 United States Code, Section 856(a)(1), by unlawfully

operating a pharmacy to distribute controlled substances including but not limited

to the Schedule II controlled substances Oxycodone, Oxymorphone, Oxycodone-

Acetaminophen, Hydrocodone-Acetaminophen, and the Schedule V controlled

substance Promethazine with Codeine cough syrup.

## COUNTS TWELVE – NINTEEN
*(18 U.S.C. § 1957 – Money Laundering)*

D-1   YOUSEF KOSHO

9.      On or about the dates identified below, in the Eastern District of

Michigan and elsewhere, defendant YOUSEF KOSHO did knowingly engage in

and attempt to engage in, and did cause others to engage in, a monetary transaction

by, through, or to a financial institution, affecting interstate commerce, in

criminally derived property of a value greater than $10,000, that is defendant made

the payments identified below from Great Health Pharmacy's Bank of America

bank account for the purchase of controlled substance medications, such property

having been derived from specified unlawful activity that took place within the

United States, that is, conspiracy to possess with the intent to distribute and

distribute controlled substances:

6

| COUNT | DATE (ON OR ABOUT) | MONETARY TRANSACTION |
|---|---|---|
| 12 | 04/10/2020 | $24,636.63 |
| 13 | 05/26/2020 | $20,411.61 |
| 14 | 06/25/2020 | $19,404.38 |
| 15 | 08/25/2020 | $15,857.10 |
| 16 | 09/25/2020 | $10,359.49 |
| 17 | 02/25/2021 | $21,200.44 |
| 18 | 03/25/2021 | $19,256.63 |
| 19 | 05/25/2021 | $21,371.46 |

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION
### (21 U.S.C. § 853, 18 U.S.C. § 982(a)(1) – Criminal Forfeiture)

1.     The allegations contained in Counts 1 through 19 of this Indictment are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1).

2.     Pursuant to 21 U.S.C. § 853, upon conviction of violations of 21 U.S.C. §§ 841, 846 and 856(a)(1), as alleged above, Defendants shall forfeit to the United States: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

7

3.      Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of violations of 18

U.S.C. § 1957, as alleged above, Defendants shall forfeit to the United States: (a)

any property, real or personal, involved in such violations; and (b) any property

traceable to such property.

4.      Such property also includes, but is not limited to, a money judgment

in an amount to be determined of all proceeds derived from the conduct, and all

traceable interest and proceeds, for which Defendants are liable. Such sum in

aggregate is property representing the proceeds of the aforementioned offenses, or

money that was involved in the aforementioned violations, or is traceable to such

property, and/or is involved in violations of Title 21, United States Code, Sections

841, 846 and 856 and Title 18, United States Code, Section 1957.

5.      Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C.

§ 982(b), Defendants shall forfeit substitute property, up to the value of the

properties described above, if, by any act or omission of Defendants, the property

described above cannot be located upon the exercise of due diligence; has been

transferred, sold to or deposited with a third party; has been placed beyond the

jurisdiction of the court; has been substantially diminished in value; or has been

commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL

<u>s/GRAND JURY FOREPERSON</u>

SAIMA S. MOHSIN
Acting United States Attorney

<u>s/REGINA R. MCCULLOUGH</u>
Chief, Health Care Fraud Unit
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9618
Email: <u>regina.mccullough@usdoj.gov</u>

<u>s/BRANDY R. McMILLION</u>
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9622
Email: <u>brandy.mcmillion@usdoj.gov</u>

<u>s/ALISON FURTAW</u>
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-0206
Email: <u>alison.furtaw@usdoj.gov</u>

Dated: October 12, 2021

| United States District Court Eastern District of Michigan | Criminal Case Cover S | Case: 3:21-cr-20635<br>Judge: Cleland, Robert H.<br>MJ: Altman, Kimberly G.<br>Filed: 10-12-2021 At 11:39 AM<br>INDI USA V. KOSHO ET AL (DA) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: _(initials)_ |

Case Title: USA v.  YOUSEF KOSHO, et. al.

County where offense occurred :  Oakland

Check One:        ☒ Felony              ☐ Misdemeanor              ☐ Petty

____Indictment/____Information --- **no** prior complaint.
__✓__Indictment/____Information --- based upon prior complaint [Case number: 2:21-mj-30465    ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: _____        Judge: _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

October 12, 2021
Date

_Brandy McMillion (signature)_

Brandy R. McMillion
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9622
Fax:    33-226-2621
E-Mail address: brandy.mcmillion@usdoj.gov
Attorney Bar #:  P69838

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.