UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,              Case No. 21-CR-20635
                                          Hon. Robert H. Cleland

vs.

D-1 Yousef Kosho,

                Defendant.

---

## Stipulated Preliminary Order of Forfeiture

---

Plaintiff, by and through its undersigned attorneys, together with Defendant Yousef Kosho, by and through his attorney, Victor Mansour, submit this Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following.

Defendant's counsel affirms that he has discussed this Stipulated Order with defendant and that defendant consents to the entry of the Stipulated Preliminary Order of Forfeiture.

Defendant further acknowledges that he understands that forfeiture of assets is part of the sentence that may be imposed on him in this case and waives his rights to challenge any failure by the Court to advise him of this, under Federal

Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a), or otherwise, at the time

his guilty plea was accepted and his sentence is announced by the Court.

Based upon defendant's guilty plea to Count One of the Indictment,

Conspiracy to Possess with Intent to Distribute and to Distribute Controlled

Substances in violation of 21 U.S.C. §§ 841(a)(1) and 846; and Count Nineteen,

Money Laundering in violation of 18 U.S.C. § 1957, the factual basis stated on the

record at the plea hearing, this Stipulation, and other information in the record, and

pursuant to 21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1), **IT IS HEREBY**

**ORDERED, ADJUDGED AND DECREED THAT**:

As a result of violating 21 U.S.C. §§ 841(a)(1) and 846 as set forth in Count

One of the Indictment, the defendant shall forfeit to the United States any property

constituting, or derived from, any proceeds obtained, directly or indirectly as a

result of such violation(s) and any property used, or intended to be used, in any

manner or part, to commit, or to facilitate the commission of such violations,

pursuant to 21 U.S.C. § 853(a) including, but not limited to, the following

(hereinafter referred to as the "Subject Property"):

- Assorted Pharmaceuticals, MSC Schedule III-V Controlled Substances, VL: $8,989.46;
- $724,990.00 U.S. Currency in Safe Deposit Box #00551, Acct. #XXXXXXX5514, Bank of America;
- $243,690.00 U.S. Currency in Safe Deposit Box #00471, Acct. #XXXXXX4713, Bank of America;
- $323,010.00 U.S. Currency in Safe Deposit Box #1182, Acct. #XXXXXX1820, Comerica Bank;

- Stainless Steel & 18k Yellow Gold Rolex Date Just Watch, Model 279173 (VL: $4,800);
- JPMorgan Chase Bank, Checking Acct. #XXXXX5284, VL: $22,670.69;
- Huntington Bank, 25 Interest Checking Acct. #XXXXXX3251 VL: $15,448.31;
- Bank of America, Savings Acct. #XXXXXXXX9066 VL: $18,765.62;
- Bank of America, Checking Acct. #XXXXXXXX9053, VL: $10,935.73;
- Bank of America, Business Checking Acct. #XXXXXXXX5293, VL: $22,250.14;
- Genisys Credit Union, Savings Acct. #XXXXX33S1, VL: $11,698.74;
- Genisys Credit Union, Checking Acct. #XXXXXX3S16, VL: $12,252.45;
- Fidelity Investments, Tradition IRA Acct. #XXXXX7355, VL: $46,515.95; and
- 2018 BMW M550xi Vehicle ID No.: WBAJB9C58JB035527.

As a result of violating 18 U.S.C. § 1957, as set forth in Count Nineteen of the Indictment, the defendant shall forfeit to the United States any property, real or personal, and any property traceable to such property involved in his violations of such offense(s) pursuant to 18 U.S.C. § 982(a)(1) including, but not limited to, the above listed account: Bank of America, Business Checking Acct. #XXXXXXXX5293, VL: $22,250.14.

2.      The Subject Property **IS HEREBY FORFEITED** to the United States under 21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1) for disposition according to law, and any right, title, and interest of defendant, and any right, title, and interest that his heirs, successors or assigns have, or may have, in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

3

3.      The Subject Property was involved in defendant's violations of 21

U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 1957, as alleged in the Indictment and is

therefore subject to forfeiture under 21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1).

The requisite nexus exists between the Subject Property and defendant's offense of

conviction.

4.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Stipulated Preliminary

Order of Forfeiture shall become final and effective as to defendant at the time

entered by the Court but remains preliminary as to third parties until the ancillary

proceedings, if any, are concluded under Rule 32.2(c).

5.      The forfeiture of the Subject Property shall be made part of

defendant's sentence and included in his Judgment.

6.      Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2, and other

applicable rules, the United States shall publish notice of this Stipulated

Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property

on www.forfeiture.gov, for at least thirty consecutive days.  The United States may

also, to the extent practicable, provide direct written notice to any person or entity

known to have an alleged interest in the Subject Property.  The aforementioned

notice shall direct that any person, other than defendant, asserting a legal interest in

the Subject Property must file a petition with the Court within thirty (30) days of

the final date of publication of notice or within thirty (30) days of receipt of actual

notice, whichever is earlier.  The petition shall be for a hearing before the Court

alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the

validity of the petitioner's alleged interest in the Subject Property.  Any petition

filed by a third party asserting an interest in the Subject Property must be signed by

the petitioner under penalty of perjury and must set forth the nature and extent of

the petitioner's alleged right, title, or interest in the Subject Property, the time and

circumstances of the petitioner's acquisition of the right, title, or interest in the

Subject Property, any additional facts supporting the petitioner's claim, and the

relief sought.

      7.      After the disposition of any motion filed under Fed. R. Crim. P.

32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may

conduct discovery in accordance with the Federal Rules of Civil Procedure upon a

showing that such discovery is necessary or desirable to resolve factual issues in

the ancillary proceeding.

      8.      If no third party files a timely petition before the expiration of the

period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of

Forfeiture shall become the Final Order of Forfeiture and the United States shall

have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and

Fed. R. Crim. P. 32.2(c)(2); further, the United States shall be authorized to

dispose of the Subject Property as prescribed by law.

9.      If a third party files a petition for ancillary hearing for the Subject

Property, the Court shall enter an Amended and/or Final Order of Forfeiture that

addresses the disposition of the third party petition as provided under Fed. R. Crim.

P. 32.2(c)(2).

10.      The Court shall retain jurisdiction to enforce this Order, and to amend

it as necessary, pursuant to Fed. R. Crim. P. 32.2.

Approved as to form and substance:

DAWN N. ISON
United States Attorney

S/ Cassandra M. Resposo                     S/Victor Mansour (with consent)
Cassandra M. Resposo                        Victor Mansour
Assistant United States Attorney            Attorney for Yousef Kosho
211 W. Fort Street, Suite 2001              32121 Woodward Ave, Ste PH
Detroit, Michigan 48226                     Royal Oak, Michigan 48073
Telephone:  (313) 226-9736                  Telephone:  (248) 579-9800
Cassandra.Resposo@usdoj.gov                 Victor@mansourlawpc.com
(IL 6302830)                                (P71767)

Dated: November 25, 2022                    Dated: January 20, 2023

************************

**IT IS SO ORDERED.**

Dated: January 27, 2023                 s/Robert H. Cleland
                                        Honorable Robert H. Cleland
                                        United States District Court Judge